## EDWIN W. HADLEY *vs.* HIRAM H. HEYWOOD.

Worcester.   Oct. 4. — Nov. 4, 1876.   COLT & MORTON, JJ., absent.

In an action for enticing away the plaintiff's wife, the jury were instructed that, if the conduct of the defendant was the controlling cause inducing the wife, without which she would not have left her husband, the action could be maintained, although there were other causes contributing thereto ; and refused to instruct the jury that if the cruelty of the plaintiff contributed in causing her to leave, the action could not be maintained. *Held*, that the defendant had no ground of exception.

In an action, in which the declaration contained two counts, the jury returned a general verdict for the plaintiff. At the request of both counsel, the presiding judge asked the jury whether they had found for the plaintiff on both or on only one count, to which they replied, " On the second count." At the further request of both counsel, the judge inquired as to the first count, to which they replied that they had not agreed. At the instance of the defendant, the judge then said to the jury, " It is your duty to agree on both counts, and you will retire and deliberate," which they did, returning a verdict for the defendant on the first, and for the plaintiff on the second count. *Held*, that the defendant had no ground of exception.

TORT. The declaration contained two counts, the first alleging that the defendant had debauched the plaintiff's wife, and deprived him of her society ; and the second that the defendant had alienated the affections of the plaintiff's wife from the plaintiff, and had enticed her to desert him.

At the trial in the Superior Court, before *Rockwell*, J., there was evidence tending to show intimacy and familiarity, manifested in various ways, between the defendant and the plaintiff's wife, and also tending to show that on November 2, 1870, they

were seen together in the defendant's barn under circumstances which, it was contended, afforded opportunity for the commission of adultery, and that, in the spring of 1874, they were again seen at the same place, the woman leaving the barn and the defendant remaining therein; also that at some time in 1873, and again in the fall of 1874, the defendant's horse was seen hitched by the roadside, near woods, the carriage unoccupied, and that, shortly before and after, the defendant and Mrs. Hadley were seen in the carriage. There was also evidence tending to show that the defendant was frequently at the plaintiff's house to see his wife, both when the plaintiff was present and when he was absent, and that the defendant and the plaintiff's wife frequently walked and rode together. There was no specific evidence of the commission of adultery, or of any occurrences affording an opportunity therefor, other than as above.

The plaintiff testified that he had lived happily with his wife up to 1873, when he began to suspect her of infidelity in connection with the defendant; that thereafter he had been much troubled, had remonstrated with the defendant, had objected to his visits and his course of familiarity; and that in August, 1873, his wife had left him and gone to her mother's house to live, and that he had always treated her kindly, and had not offered her any personal violence.

In addition to much testimony controverting and explaining the case of the plaintiff as above, there was evidence on the part of the defendant tending to show that the plaintiff had been always morose, cross and profane, and that he had on various occasions used violence toward his wife, by striking her, &c., and that this treatment was both before and after the time he stated that his suspicions had been aroused regarding the defendant's intimacy with her; that he finally made a gross and scandalous charge against her, on hearing of which, while temporarily at her mother's, she decided never to return. The plaintiff's wife said under oath that his cruelty and this last charge were the causes for which she left him.

The defendant asked certain instructions as to the evidence of adultery under the first count, to the effect that the evidence was insufficient to warrant the jury in finding that any adultery had been committed, and that there was no evidence of any acts at

or about the dates specified, such as would warrant a verdict under the first count, both of which requests were denied, and the defendant excepted. The details of these requests and the rulings given on these points are immaterial in view of the finding of the jury.

The defendant also asked the judge to instruct the jury that in order to find a verdict under the second count, the jury must be satisfied that the plaintiff's wife left him solely on account of the wrongful acts of the defendant, and that, if the cruelty of the plaintiff contributed to cause her to leave, he could not recover. The judge refused to rule as requested, and ruled on this point as follows : " If the conduct of the defendant was the controlling cause which induced the wife to leave her husband, and if the jury are satisfied that but for that cause she would not have left him, the plaintiff can recover, although there might have been other causes contributing to the same result." The judge had already instructed the jury that, upon the question of damages, the treatment and conduct of the plaintiff toward his wife were to be considered. The case was submitted to the jury on instructions as to both counts not objected to except as above.

In order to ascertain the materiality of the exceptions taken as to each count separately, by consent of parties, the judge informed the jury that on their return into court with a verdict he should inquire of them their finding upon each count. The jury after deliberation returned into court with a general verdict for the plaintiff, with damages assessed at $657.10. This verdict was affirmed, but not minuted upon the docket. The judge thereupon, at the suggestion of both counsel, asked the jury whether they found their verdict on both counts or on only one, to which they replied through their foreman, " On the second count." Both counsel suggested the question, " How did they find on the first count," in reply to this question put by the judge they replied through their foreman, " We did not agree upon the first count." The judge told the clerk he might minute upon the verdict the above answers of the jury. The clerk suggested to incorporate in the verdict the statement that it was found on the second count, and with the assent of the judge read the verdict in that form to the jury. The defendant's counsel at once objected to the reception and entry of the verdict in that form, and con-

tended that the defendant was entitled to an agreement on the first count, or to have the jury discharged as disagreed. There was a colloquy between the counsel and the court, in which the plaintiff suggested that he could ask for leave to amend by striking out the first count. To this the defendant objected, and the judge then said to the jury, " It is your duty to agree on both counts, and you will retire and deliberate." The verdict and papers were thereupon returned to the jury, and they retired. The jury again returned into court, after further deliberation, bringing in the same written verdict as before. Without affirmation of this verdict the judge inquired if the jury had agreed on the first count. By their foreman they replied, " We did not find for the plaintiff on the first count." The judge asked if they agreed for the defendant on the first count, to which the foreman replied, " We did not." A member of the jury said, " There is some mistake. We did agree for the defendant." To this the foreman then assented, and the jury were sent out with the papers to put their verdict in form. They finally returned with a verdict as follows : " The jury find for the defendant on the first count, and for the plaintiff on the second count, and assess damages in the sum of $657.10." The verdict in this form was duly affirmed and recorded. The defendant alleged exceptions to the above rulings, and to all of the proceedings after the interrogation of the jury, on their first return into court, and to the recording of the verdict.

*W. S. B. Hopkins,* for the defendant.

*G. A. Torrey,* for the plaintiff, was not called upon.

LORD, J. The verdict of the jury, in favor of the defendant upon the first count, renders immaterial the exceptions taken by the defendant to the sufficiency of the evidence upon that count. In relation to the second count, we see no objection to the ruling of the presiding judge. Certainly, it is not necessary for the plaintiff to prove that the defendant's conduct was the sole cause of his wife's leaving him; and the ruling of the presiding judge that it is sufficient to maintain the action, if the defendant's conduct was the controlling cause, without which she would not have left him, is not erroneous. Any unhappy relations existing between the plaintiff and wife, not caused by the conduct of the defendant, may affect the question of damages, and were prop-

erly submitted to the jury ; but they are in no sense a justification or palliation of the defendant's conduct.   They are not allowed to affect the damages because the acts of the defendant are less reprehensible, but because the condition of the husband is such, that the injury, which such acts occasion, is less than otherwise it might have been.

So far as the proceedings respecting the receiving and recording the verdict are concerned, this court has no power to revise those acts of the judge in the court below, which are within his discretion ; and we are of opinion that there was no error in any matter of law, by which the defendant is aggrieved.

The language of the presiding judge to the jury, " It is your duty to agree on both counts, and you will retire and deliberate," is not to be taken as coercion ; but it is merely his instruction, as matter of law, that all the issues presented by the pleadings · are to be passed upon by the jury ; not that any juryman is under obligation to assent to a verdict in conflict or not in concurrence with his own judgment.   The true meaning is, it is for the jury to find a verdict upon the whole case.

It appears from the bill of exceptions, that when the jury came into court and their verdict was affirmed, it was a general verdict for the plaintiff ; had nothing further been done, the verdict would have stood as a verdict for the plaintiff upon both counts. It further appears, that the counsel both of the plaintiff and the defendant requested the judge to ask the jury whether they had found for the plaintiff on both counts or on only one.   He did so inquire, and the reply was, " On the second count."   Both counsel then desired the judge to ask as to the first count, to which they replied that they had not agreed.   Had the defendant been content with the state of facts then existing, he would have had all the benefit which the position afforded him.   He, however, claimed the right to have the first count passed upon by the jury ; or to have the jury discharged as having disagreed upon the whole case.   The presiding judge then directed the jury to do precisely what the defendant had asked to have done, in his first alternative, to wit, pass upon the first count.   If this be an irregularity,.it was at the defendant's request, to which he could not object had the verdict been against him, and, *a· fortiori*, the finding having been in his favor.          *Exceptions overruled.*