ELLEN NEVILLE *vs.* OLIVE F. GILE.

Suffolk. November 7, 1898. — October 18, 1899.

Present: HOLMES, C. J., MORTON, LATHROP, & BARKER, JJ.

*Action by one Woman against another for Alienation of Husband's Affections.*

A declaration, in an action by one woman against another, which charges only the alienation of the affections of the plaintiff's husband, sets forth no cause of action.

TORT, for the alleged alienation of the affections of William Neville, the plaintiff's husband. At the trial in the Superior Court, before *Braley,* J., the defendant requested a ruling that "on the pleadings, as matter of law, this action for the enticement of the plaintiff's husband by the defendant cannot be maintained." The judge refused so to rule.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*G. W. Anderson,* for the defendant.

*S. A. Fuller,* for the plaintiff.

LATHROP, J. We do not find it necessary in this case to determine whether a woman can maintain an action against another woman for the loss of *consortium* occasioned by her husband's leaving her, as we are of opinion that the declaration in the case sets forth no cause of action, and that the judge should

have ruled that the action could not be maintained on the pleadings.

The declaration charges that " the defendant induced and allured the said Neville [the plaintiff's husband] from his and the plaintiff's home, and won the love and affection of the said Neville, and alienated the affection of the said Neville from the plaintiff, whereby the plaintiff has been greatly distressed in mind, and, by reason of the said Neville's alienation as aforesaid, has neglected to support and care for the plaintiff, whereby the plaintiff has suffered physically as well as mentally, and has been distressed in body and mind."

In this Commonwealth, alienation of affections alone is not a substantive cause of action, even where a husband brings the action, but is merely an aggravation of damages, for the loss of *consortium. Bigaouette* v. *Paulet,* 134 Mass. 123. *Evans* v. *O'Connor, ante,* 287. See also *Lellis* v. *Lambert,* 24 Ont. App. 653.

The judge who tried this case was probably misled by the reporter's statement of the second count in *Hadley* v. *Heywood,* 121 Mass. 236. It is there said that the second count alleged " that the defendant had alienated the affections of the plaintiff's wife from the plaintiff, and had enticed her to desert him." An inspection of the papers in the case shows, however, that loss of *consortium* was properly charged. It may also be said that in *Hadley* v. *Heywood* no question arose on the pleadings.

There is no ground for the position that in an action for unlawfully enticing away or harboring a man's wife, or even for criminal conversation, it is not necessary to allege loss of *consortium.* See *Winsmore* v. *Greenbank,* Willes, 577 ; *Guy* v. *Livesey,* Cro. Jac. 501 ; *Hyde* v. *Scyssor,* Cro. Jac. 538 ; 2 Chit. Pl. (6th Am. ed.) 643 ; Oliver, Prec. (3d ed.) 457.

For these reasons, without further considering the exceptions, we are of opinion that they must be sustained.

*So ordered.*