ELLA M. HOUGHTON *vs.* ELLA M. RICE.

Middlesex.    March 13, 14, 1899. — October 19, 1899.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Declaration — Action by one Woman against another for Alienation of Husband's Affections.*

The declaration, in an action by one woman against another, alleged that the defendant ingratiated herself into the affections of the plaintiff's husband, caused him to frequent her society, to give her large sums of money, to execute to her various conveyances, to make large expenditures of money on her behalf, and to transfer to her the courtesy and affection previously bestowed upon the plaintiff.   It was then charged that by reason of these unlawful acts the husband ceased to have affection for the plaintiff, denied her suitable support, and

treated her cruelly; that his affections for her were wholly alienated, that her home was broken up, and that he refused to cohabit with her or perform any of the duties due from him as her husband. It was further alleged that by reason of these matters the plaintiff had suffered great pain and had lost her home and the society and comfort of her husband. *Held*, on demurrer, that the declaration set forth no cause of action.

TORT, by one woman against another for the alleged alienation by the defendant of the affections of the plaintiff's husband for her. The defendant demurred to the declaration, assigning as ground therefor that it did not set forth a legal cause of action. The Superior Court overruled the demurrer, and the defendant appealed. At the trial in that court, before *Hammond*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which, *Hammond*, J., having ceased to be a justice of that court, were allowed by *Sheldon*, J. The facts appear in the opinion.

*R. E. Joslin*, (*S. K. Hamilton* with him,) for the defendant.

*C. F. Chamberlayne*, (*W. M. Prest* with him,) for the plaintiff.

LATHROP, J. We do not think that the declaration in this case sets forth any cause of action at common law, if the action were by the husband against another man; and no statute of this Commonwealth gives the wife any greater right than the husband in cases of this nature. The acts charged are that the defendant did " ingratiate herself into the affections of the said Willard Houghton [the plaintiff's husband] ; cause him incessantly to frequent her society; to give her various large sums of money; to execute to her various conveyances of property; to make large expenditures of money on her behalf; and to transfer to her, the said defendant, the courtesy and generosity, love and affection, previously bestowed by him upon the plaintiff as his said wife." It is then charged that by reason of these unlawful acts her husband ceased to have regard, respect, or affection for the plaintiff, and became cross, irritable, ill-tempered, and penurious towards her, denying her suitable support and maintenance; was guilty of cruel and abusive treatment towards her; that his affections for her were wholly alienated from her, and her home and married state broken up and destroyed; that her husband, while living during certain months under the same roof with her, separated himself " virtually " from her, refused to live or cohabit with her as husband and wife, or to give her

the benefit of his society, or to perform any of the duties due from him as her husband; but on the contrary, for part of the year openly, and during the rest of the year secretly, lavished his property, society, love, and affection upon the defendant. It is further alleged that " by reason of the matters and things hereinbefore set forth " the plaintiff has suffered great pain and distress of mind and body, has lost her home, and the society and comfort of her husband, etc.

No adultery is alleged, and therefore the action is not for criminal conversation, where the allegation when a husband sues is that the defendant debauched and carnally knew the plaintiff's wife. The alienation of the wife's affection in such a case is a mere matter of aggravation, and the loss of the wife's *consortium* is the actionable consequence of the injury. Adultery was the essential fact to be proved, and if this was not proved the action failed.

At common law, also, a husband could maintain an action against one who " persuaded, procured, and enticed his wife to continue absent and apart from him, and to secrete, hide, and conceal herself from him, whereby during the time she continued absent he lost her comfort and society, and her aid and assistance in his domestic affairs." *Lellis* v. *Lambert*, 24 Ont. App. 653, 654. He could also maintain an action against one for receiving his wife and unlawfully harboring, concealing, and secreting her from him, and refusing to deliver her to him. In such cases adultery need not be alleged.

We do not see anything in the substantive allegations which brings the case within any form of action known to the common law. The case in this respect is like that of *Lellis* v. *Lambert*, *ubi supra*, a case very similar to this, and where the whole subject matter was ably considered by the Court of Appeals, the judges delivering their opinions *seriatim*. Judge Osler, on page 664, said: " The loss of a wife's affections not brought about by some act on the defendant's part which necessarily caused or involved the loss of her *consortium*, never gave a cause of action to the husband. His wife might permit an admirer to pay her attentions, frequent her society, visit at her home, spend his money upon her, and by such means alienate her affections from him, resulting even in her refusal to live

with him, and, so far as she could bring it about, in the breaking up of his home, and yet, there being no adultery and no ' procuring and enticing' or ' harboring and secreting' of the wife, no action lay at the suit of the husband against the man. A wife can be in no better position to maintain an action against a woman guilty of similar conduct towards her husband."

In the case before us we are of opinion that the substantive allegations of the declaration do not state a cause of action, and that the demurrer should be sustained. See *Evans* v. *O'Connor, ante,* 287 ; *Neville* v. *Gile, ante,* 305.　　　　　*So ordered.*