ELIZABETH H. WEBBER.*vs.* SARAH A. W. BENBOW.

Norfolk. November 14, 1911. — March 1, 1912.

Present: RUGG, C. J., HAMMOND, SHELDON, & DECOURCY, JJ.

*Husband and Wife,* Unlawful enticement, Loss of consortium. *Alienation of Affections. Evidence,* Of unlawful enticement.

A declaration, in an action by one woman against another, which alleges that the defendant, intending to injure the plaintiff, unlawfully gained the affections of the plaintiff's husband and enticed him to leave the home of the plaintiff and to continue absent from it, "whereby the plaintiff lost the comfort, society, aid, assistance and support of her said husband and his affection for the plaintiff was wholly alienated and destroyed," states a cause of action for loss of consortium.

In an action, by one woman against another, for wrongfully enticing away the husband of the plaintiff, evidence was admitted, against the exception of the defendant, of familiar and suspicious conduct of the defendant with the plaintiff's husband in the defendant's bedroom. The plaintiff's counsel disclaimed any suggestion of adultery and offered the evidence as bearing on the defendant's "mental attitude." *Held,* that the evidence was admissible, even if it tended to show adultery and if adultery was not charged in the declaration, because, if believed, it tended to throw some light on the methods of enticement used by the defendant and also upon her motives.

TORT for the wrongful enticing away of the plaintiff's husband and the alienation of his affections as alleged in the declaration, which is quoted in the opinion. Writ dated January 18, 1909.

In the Superior Court the case was tried before *Sherman,* J. The defendant excepted to the admission of certain evidence described in the opinion.

At the close of the evidence the defendant asked the judge to make the following rulings:

"1. On the pleadings, as a matter of law, this action for the enticement of the plaintiff's husband by the defendant cannot be maintained.

"2. In the case at bar there is no allegation in the declaration that there was a loss of consortium by the wife, and no allegation of the husband's adultery, hence, as a matter of law, this action cannot be maintained.

"3. Upon all the evidence in the case the jury must return a verdict for the defendant."

The judge refused to make any of these rulings. The defendant then asked for three instructions to the jury in regard to the giving of advice to the plaintiff to leave her husband. The first of them was given by the judge and the other two were dealt with in the judge's charge and are not material to the questions argued by the defendant.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the refusal of the rulings and instructions requested by her and to certain portions of the judge's charge.

The case was submitted on briefs.

*H. H. Pratt,* for the defendant.

*G. G. Darling,* for the plaintiff.

HAMMOND, J. The plaintiff's declaration is as follows: "And now comes the plaintiff in the above entitled action and for declaration says that the defendant contriving and wrongfully intending to injure the plaintiff and to deprive her of the comfort, society, aid, assistance and support of George H. Webber, the husband of the plaintiff, and alienate and destroy his affection for her, unlawfully and unjustly gained the affection of her said husband, and persuaded, procured and enticed her said husband to leave the home of the plaintiff, and to continue absent from the same, by means of which persuasion and enticement he did continue absent for a long period of time and up to the bringing of this suit, whereby the plaintiff lost the comfort, society, aid, assistance and support of her said husband and his affection for the plaintiff was wholly alienated and destroyed, all to her great damage as she saith in her writ."

"In this Commonwealth, alienation of affections alone is not a substantive cause of action . . . but is merely an aggravation of damages, for the loss of consortium," says Lathrop, J., in *Neville* v. *Gile,* 174 Mass. 305, 306, citing *Bigaouette* v. *Paulet,* 134 Mass. 123; *Evans* v. *O'Connor,* 174 Mass. 287. See also *Lellis* v. *Lambert,* 24 Ont. App. 653. Relying upon this rule the defendant insists

that this declaration, like that in *Neville* v. *Gile,* alleges as the substantial cause of action alienation of affections. This position is untenable. The declaration is in the usual form for loss of consortium, and clearly sets out that loss as the cause of action. An examination of the original papers in the case of *Hadley* v. *Heywood,* 121 Mass. 236, discloses the fact that the form of the second count in that case is, *mutatis mutandis,* identical with the declaration in the present case except that this declaration is strengthened by the addition of the word "support" after "assistance." And this court has said that in the second count in *Hadley* v. *Heywood,* "loss of consortium was properly charged." *Neville* v. *Gile, ubi supra.* See also in addition to cases above cited, *Tasker* v. *Stanley,* 153 Mass. 148, and *Nolin* v. *Pearson,* 191 Mass. 283, for a discussion of the general subject. The present case is clearly distinguishable from cases like *Neville* v. *Gile, ubi supra,* and *Houghton* v. *Rice,* 174 Mass. 366, cited by the defendant.

The evidence as to the familiar and suspicious conduct of the defendant with the plaintiff's husband in the defendant's bedroom was properly admitted. It is to be noted that the plaintiff's counsel expressly disclaimed any suggestion of adultery or debauchery on the part of the defendant, and offered the evidence only as bearing on the defendant's "mental attitude." But it was admissible even if it tended to show adultery. If believed, it had a tendency to throw some light upon the methods of enticement used by the defendant, and also upon her motives. And this is so even if adultery was not set out in the declaration. Nor do we see that the defendant has any just ground of complaint as to the manner in which the presiding judge treated this matter in the charge to the jury.

> *Exceptions overruled.*