WILLIAM LONGE *vs.* HEBER H. SAUNDERS.

Plymouth.    March 14, 1923. — September 13, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, CROSBY, & PIERCE, JJ.

*Actionable Tort.    Husband and Wife.    Alienation of Affections.*

In this Commonwealth an action of tort cannot be maintained by a husband
for loss of consortium with his wife where it appears that " the plaintiff
and his wife were married " in a certain city " and continued to live to-
gether there until her death, without separation," and, upon a count in
the declaration charging the defendant with criminal conversation with
the wife, the jury found for the defendant.

TORT, with a declaration in two counts, the first count
being for loss of consortium of the plaintiff's wife through
alienation of her affections and the second count being for
criminal conversation with the plaintiff's wife, getting her
with child and inducing her to submit to an illegal operation
from the results of which she died.    Writ dated April 7, 1922.

In the Superior Court, the action was tried before *Weed,* J.
The plaintiff testified as to his wife: " She had not left me
and we lived together in Brockton from the time we were
married until she died;" and the bill of exceptions stated:
" The plaintiff and his wife were married in Brockton and
continued to live together there until her death, without
separation.    The wife died before the bringing of the present
suit, as the result of an illegal operation."

Other material evidence is described in the opinion.    At
the close of the evidence the defendant moved that a verdict
be ordered in his favor.    The motion was denied.    At the
defendant's request, the judge gave, among others, the
following ruling:

" 2. Alienation of affections alone would not be a sub-
stantive cause of action.    It would only be a matter of
aggravation for loss of consortium."

The judge refused to give the following ruling:

" 4. There is no evidence justifying the jury in bring-
ing in a verdict for the plaintiff on the first count of the
declaration."

The jury found for the plaintiff on the first count in the sum of $400; and for the defendant on the second count. The defendant alleged exceptions.

*W. G. Rowe,* for the defendant.

*J. E. Handrahan,* for the plaintiff.

RUGG, C.J.   This is an action of tort for loss of consortium.   The second count was for criminal conversation by the defendant with the plaintiff's wife.   The jury found for the defendant on that count and with it we have no further concern.   The first count contains no allegations for criminal conversation and relates solely to loss of consortium. The bill of exceptions states that the plaintiff and his wife were married in Brockton and continued to live there until her death without separation.   The precise point is whether the plaintiff can recover for mere alienation of the affections of his wife when the wife has not been debauched and has not left his home, but has continued to live with him.   The request for a directed verdict for the defendant on these facts on the first count ought to have been granted.

It was said in *Neville* v. *Gile,* 174 Mass. 305, at page 306, " In this Commonwealth, alienation of affections alone is not a substantive cause of action, . . . but is merely an aggravation of damages, for the loss of *consortium. Bigaouette* v. *Paulet,* 134 Mass. 123.   *Evans* v. *O'Connor, ante,* 287.   See also *Lellis* v. *Lambert,* 24 Ont. App. 653." This statement of the law was reiterated by quotation in *Webber* v. *Benbow,* 211 Mass. 366, 367.   In *Gahagan* v. *Church,* 239 Mass. 558, at page 559, occur these words: " The plaintiff's action is based on loss of consortium, — that is, his right to the society, conjugal affections and assistance of his wife.   Alienation of affections alone is not a substantive cause of action in this Commonwealth, but merely aggravates the damages where the wife is debauched or enticed away."   The plaintiff could recover on the first count only by proof that the defendant with malice or improper motives persuaded and enticed his wife to leave his home; there could be no recovery so long as the two lived together as husband and wife in their home and no adultery was committed with the wife.

It is plain on these authorities that the plaintiff cannot recover where confessedly his wife was not enticed away by the defendant, and the jury have found that she was not debauched by him.

It becomes unnecessary to consider the other exceptions.

The exceptions must be sustained and in accordance with G. L. c. 231, § 122, judgment is to be entered for the defendant.

*So ordered.*