LAURA BRADSTREET vs. ALICE F. WALLACE.

Suffolk.    November 9, 1925. — February 2, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, & WAIT, JJ.

*Actionable Tort.    Unlawful Interference.    Husband and Wife.*

In an action of tort by a wife against another woman for unlawful inter-
ference by the defendant with conjugal relations of the plaintiff with
her husband, the plaintiff did not allege nor contend that there had
been criminal conversation between her husband and the defendant nor
did she claim damages for the mere alienation of marital affections.   At
the trial there was evidence that the plaintiff's husband absented him-
self from his home and that of the plaintiff for substantial periods of
time; that during such periods he consorted with the defendant upon
terms of the utmost intimacy and familiarity; and that his conduct and
that of the defendant had a legitimate tendency to prove adulterous
inclination although insufficient in fact to establish criminal conversa-
tion; and that an employment of the husband by the defendant was for
the purpose of concealing the methods of enticement used by the
defendant and the motives of her actions.   *Held,* that it was proper to
refuse to order a verdict for the defendant.

TORT.   The plaintiff in her declaration alleged "that the
defendant contriving and wrongfully intending to injure the
plaintiff and to deprive her of the comfort, society, aid,
assistance and support of Harry S. Bradstreet, the husband
of the plaintiff, and alienate and destroy his affection for her,
unlawfully and unjustly gained the affection of her said
husband, and persuaded, procured and enticed her said
husband to leave the home of the plaintiff, and to continue
absent from the same, by means of which persuasion and
enticement he did continue, absent, for a long period of time
and up to the bringing of this suit, whereby the plaintiff lost
comfort, society, aid, assistance and support of her said
husband and his affection for the plaintiff was wholly alien-
ated and destroyed, all to her great damage."   Writ dated
September 30, 1921.

In the Superior Court, the action was tried before *San-
derson,* J.   Material evidence is described in the opinion.

At the close of the evidence, the defendant moved that a verdict be ordered in her favor. The motion was denied. There was a verdict for the plaintiff in the sum of $20,000. The defendant alleged exceptions which, after the appointment of *Sanderson*, J., to the Supreme Judicial Court, were allowed by *Morton*, J.

*H. Albers*, for the defendant.

*F. H. Chase*, for the plaintiff.

PIERCE, J. This is an action to recover damages for the alleged intentional and wrongful acts of the defendant, whereby the plaintiff was deprived of the society of her husband for substantial periods of time before the institution of this pending action. 3 Bl. Com. 139. *Winsmore* v. *Greenbank*, Willes, 577. *Walker* v. *Cronin*, 107 Mass. 555, 567. *Tasker* v. *Stanley*, 153 Mass. 148. *Philp* v. *Squire*, 1 Peake, 114. *Berthon* v. *Cartwright*, 2 Esp. 480. *Smith* v. *Kaye*, 20 T. L. R. 261. *Sheperd* v. *Wakeman*, Sid. 79. Schouler, Mar., Div., Sep. & Dom. Rel. (6th ed.) § 677. Salmond, Torts, (5th ed.) § 131. The declaration does not allege and the plaintiff does not contend that there was criminal conversation; nor does she seek damages for the mere alienation of the marital affections.

At common law the husband was entitled to the whole of the wife's marital affection and to the whole of such society and comfort as her physical state and mental attitude render her capable of affording him. *Lynch* v. *Knight*, 9 H. L. Cas. 577, 589. *Kelley* v. *New York, New Haven & Hartford Railroad*, 168 Mass. 308, 311. "A husband is not the master of his wife, and can maintain no action for the loss of her services as his servant. His interest is expressed by the word *consortium*, — the right to the conjugal fellowship of the wife, to her company, coöperation and aid in every conjugal relation." *Bigaouette* v. *Paulet*, 134 Mass. 123, 124. " . . . he retains the unmodified right to her conjugal society, even if her refusal to recognize this right affords him no ground for an absolute divorce, and he may recover damages for loss of consortium when caused by injuries to her person through the wrongs of others, as well as for criminal conversation with her." *Nolin* v. *Pearson*, 191 Mass. 283, 286.

Under modern conditions there are no distinctions in the relative rights of husband and wife to maintain an action for loss of consortium against third persons, whose wrongful acts render the one or the other of them, as the case may be, less capable of performing his or her marital duties. *Nolin* v. *Pearson, supra. Feneff* v. *New York Central & Hudson River Railroad,* 203 Mass. 278, 280. *Bolger* v. *Boston Elevated Railway,* 205 Mass. 420. *Webber* v. *Benbow,* 211 Mass. 366.

In the closely related action of an employer for the loss of the services of a servant, or of a parent for the loss of the constructive services of his children who are minors, and not engaged by contract to serve some other person exclusively, the master or the parent has an action for knowingly enticing servants away from their employment, as also to obtain redress for injury to his domestic or paternal rights if his child be beaten or injured or taken or kept from his custody or control, and especially if his daughter is debauched and thereby rendered ill. *Jones* v. *Brown,* 1 Esp. 217. *Berringer* v. *Great Eastern Railway,* 4 C. P. D. 163. *Evans* v. *Walton,* L. R. 2 C. P. 615. An action was allowed for temporary loss of services in *Woodward* v. *Washburn,* 3 Denio, 369. The opinion contains a collection of authorities and a full discussion of the principle of law involved. *Ames* v. *Union Railway,* 117 Mass. 541.

"At the conclusion of the evidence, the defendant duly made a motion in writing that, on all of the evidence, a verdict be directed for the defendant. The court denied the motion, the defendant duly excepted thereto, and the court, in submitting the case to the jury, charged that on all the evidence the jury could not find that there had been any adultery by the defendant and Mr. Bradstreet."

Upon this motion, if there was evidence upon which the jury would have a right to find that the defendant wrongfully induced the husband to deprive the plaintiff of his company and assistance for substantial periods of time, the case was properly left to the jury.

We think there was evidence that the husband of the plaintiff absented himself from his home and that of the plaintiff for substantial periods of time; that during such

periods he consorted with the defendant upon terms of the utmost intimacy and familiarity; and that his conduct and that of the defendant had a legitimate tendency to prove adulterous inclination although insufficient in fact to establish criminal conversation.    The evidence, in the light of all the circumstances, also would be sufficient for the jury to find that the employment of the husband by the defendant during the year 1921 was for the purpose of concealing the methods of enticement used by the defendant and the motives of her actions.

There is nothing in the decisions of *Houghton* v. *Rice*, 174 Mass. 366, *Neville* v. *Gile*, 174 Mass. 305, *Gahagan* v. *Church*, 239 Mass. 558, or in *Longe* v. *Saunders*, 246 Mass. 159, which, applied to the evidence in the case at bar, required the court to direct a verdict for the defendant.

*Exceptions overruled.*