CHARLES E. SHERRY *vs.* LESTER F. MOORE.

Middlesex. October 22, 1926. — March 1, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Alienation of Affection. Evidence,* Of state of mind, Competency, Relevancy and materiality, Pleadings in divorce proceedings. *Marriage and Divorce.*

At the trial of an action by a husband for the alienation of his wife's affection, it appeared that the husband and wife and their children went to live with the defendant on a farm after the death of his wife, the wife to do housework and care for the defendant's children and as compensation to have the shelter of the house and food for herself and her three children, while the husband was to do chores on the farm in return for his shelter and food; that after the husband for reasons apart from the

alleged conduct of the defendant had left the defendant's house, the wife remained and performed the services agreed upon with the defendant and preferred and continued so to do after the husband had requested her to leave the defendant; that later still she filed a suit for divorce. There was conflicting evidence on the question, whether the wife's refusal to join her husband and to go away from the house of the defendant was due to wrongful persuasion of the defendant, or to her independent determination upon her course of action. *Held,* that

(1) The action properly was submitted to the jury;

(2) The wife's state of mind up to the date of the writ was a material issue, and, while statements made by her orally or by letter in the absence of the defendant were not admissible to prove other facts stated therein, they properly were admitted to prove her state of mind;

(3) Testimony to the effect that the defendant told the wife to move the plaintiff's furniture to the defendant's house and that if the plaintiff made any trouble for her he, the defendant, would stand back of her because he had plenty of money, was admissible;

(4) An opinion by a physician attending the wife as to her mental state when she made certain statements to him was competent;

(5) As the wife's decision to separate from the plaintiff must have become fixed at the date of her filing her libel for divorce, a post card from the son of the parties to the wife, dated three months thereafter and a month before the writ in this action, was inadmissible to show her state of mind;

(6) It was within the discretionary power of the trial judge to admit in evidence an affectionate letter of the plaintiff to his wife dated a month before she filed her libel for divorce; and to exclude a statement of belief by the wife that her husband on a date eleven months before the date of the libel was not where he represented himself to be;

(7) It was reversible error to exclude an answer by the plaintiff to his wife's libel for divorce signed by him personally in accordance with Divorce Rule 6 of the Superior Court (1923), in which he accused his wife of infidelity with men unknown to him for a period extending from a date two years before the filing of the libel to the date of the filing of the answer, the state of mind of the plaintiff being a material fact of significance in passing upon the state of mind of the wife, and the answer contradicting portions of his testimony accusing the defendant. The rule excluding pleadings as evidence does not apply to pleadings which by a rule of court are required to be signed by a party personally.

TORT for alienation of the affection of the plaintiff's wife. Writ dated November 20, 1922.

In the Superior Court, the action was tried before *Donahue,* J. The testimony by the witness Briggs as to a statement made to him by the defendant was an affirmative answer to the questions, "Now, did you say to Mr. Sherry then that Mr. Moore told you to move the [Sherry] furniture up to his house [in 1922], and that if Mr. Sherry made any

trouble for you, that he would stand back of you, because he had plenty of money, or words to that effect?" and, "Did Mr. Moore make that statement to you before you moved the furniture?" To the answer to the second question, the defendant excepted.

The post card of the plaintiff's son to the plaintiff's wife, dated in October, 1922, was offered to explain the act of the wife in leaving the plaintiff by showing her state of mind.

The plaintiff's letter of June 11, 1922, referred to in the opinion, was of an affectionate character.

Other material evidence and exceptions saved by the defendant are described in the opinion. There was a verdict for the plaintiff for the sum of $5,000 upon the first count in the declaration. The defendant alleged exceptions.

*C. W. Rowley*, for the defendant.

*J. J. Shaughnessy*, for the plaintiff.

WAIT, J. The writ in this action was dated November 20, 1922. The declaration was in three counts for wrongful deprivation of consortium. At the trial, the judge directed a verdict for the defendant upon the third count, which charged deprivation because of adultery, and, after the plaintiff had elected to proceed only upon his first count, refused to order a similar verdict on that count. The case is before us upon the defendant's exceptions to this refusal, and to seventeen rulings on the admission or exclusion of evidence.

There is no dispute that in February, 1920, the plaintiff and his wife who, so far as appears, had had no previous relations with the defendant, went to live at the defendant's house in order that the wife might do the housework and care for his two infant children whose mother had died two days before. All agreed that as compensation the wife was to have the shelter of the house and food for herself and her three children, while the husband was to do chores on the farm in return for his shelter and food. She remained and performed the services agreed upon, after her husband, in early 1922 and for reasons of his own apart from her behavior, had left the house. She preferred so to remain and serve after, later still, the husband requested her to go elsewhere; and, in July, 1922, she sought a divorce from the

plaintiff.　Whether her refusal to join her husband and to go away from the house of the defendant was due to wrongful persuasion of the defendant, or to her independent determination upon her course of action, was the material issue to be determined.

It is settled law that no action lies merely for depriving one spouse of the affection of the other. *Longe* v. *Saunders*, 246 Mass. 159.　There must be some keeping them apart or some debauching of the body. *Bradstreet* v. *Wallace*, 254 Mass. 509.　*Longe* v. *Saunders, supra.　Neville* v. *Gile*, 174 Mass. 305.　*Houghton* v. *Rice*, 174 Mass. 366.　*Turner* v. *Estes*, 3 Mass. 317.　Then only is there an actionable injury to the *consortium* — the right, not to the affection, but "to the conjugal fellowship of the . . . [spouse] to . . . [his or] her company, coöperation and aid in every conjugal relation." *Bigaouette* v. *Paulet*, 134 Mass. 123, 124.

If the separation of husband and wife was, in fact, due to the persuasion of the defendant, he could be found liable. There was no excuse of kinship as in *Multer* v. *Knibbs*, 193 Mass. 556, or of disinterested friendship as in *Tasker* v. *Stanley*, 153 Mass. 148.　*Geromini* v. *Brunelle*, 214 Mass. 492. The defendant's children still needed care.

The evidence in regard to what had taken place was conflicting and would justify opposing inferences.　It was for the jury to decide what to believe and whether conduct which was consistent with freedom from liability was, in fact, wrongful.　There was no error in refusing to direct the verdict.

The wife's state of mind up to the date of the writ was a material issue. *Cutter* v. *Cooper*, 234 Mass. 307, 316, 317. *Hadley* v. *Heyward*, 121 Mass. 236.　Statements made by her in the absence of the defendant were not admissible to prove the facts stated, but, if pertinent upon her state of mind before and at the bringing of the suit, were properly to be admitted to prove what that condition was.　Upon this ground the exceptions to the admission of her statements to Dr. Annis, to Mrs. Moynihan, to Mrs. Griffin, to Josephine Sebastian, and in her letters of March and April, 1922, must be overruled.

The statement attributed to the defendant by the witness Briggs was competent. The subsequent explanations did not render its admission error. No request to strike out is shown by the bill of exceptions.

The opinion of Dr. Annis, her attending physician, in regard to her mental state when speaking before him was competent. Compare *Hastings* v. *Rider*, 99 Mass. 622, 624.

The wife's decision to separate from her husband must be taken as fixed by the date of filing her libel for divorce, July 22, 1922. *Ford* v. *Ford*, 143 Mass. 577, 579. *Najjar* v. *Najjar*, 227 Mass. 450. For this reason the rulings excluding the post card from the son and its action upon her mind were correct. The events of October, 1922, were not material. The admission of the plaintiff's letter of June 11, 1922, and the exclusion of testimony of Mrs. Sherry's belief that her husband in August, 1921, shortly after the birth of her last child, was not where he represented himself to be, were within the discretion of the trial judge. No prejudicial error appears in these rulings.

On the other hand the answer in divorce signed by the plaintiff and filed January 25, 1923, should have been admitted. The rules of court applicable to divorce, Divorce Rule 6 of the Superior Court (1923), require that pleadings in divorce shall be signed by the party and not by counsel. This renders inapplicable the usual rule which excludes pleadings as evidence. See *Dennie* v. *Williams*, 135 Mass. 28; *Woodworth* v. *Fuller*, 235 Mass. 443. The state of mind of the husband was a material fact of significance in passing upon the state of mind of the wife. A solemn accusation of infidelity with men unknown to the libellee from June, 1920, to the date of the answer, not only contradicted the testimony of the husband with regard to accusations made by him, but tended to show his state of mind between June, 1920, and July 22, 1922. For this error, the order must be

*Exceptions sustained.*