Wilson, J.
This is an action of tort in which the plaintiff seeks to recover damages, claiming enticement, criminal conversation, and alienation of her husband’s affections by the defendant. The answer was a general denial.
The evidence is summarized in detail in the report and it is unnecessary to again recite it here.
The defendant seasonably presented nine requests for rulings. The trial judge instructed himself by granting all *163 said requests, excepting the seventh and ninth, which were as follows:
7. From all the evidence it does not appear that the plaintiff’s husband was enticed away or harbored by the defendant and there being no evidence to warrant the court in finding that there was any criminal conversation between the defendant and the plaintiff’s husband, the plaintiff is not entitled to recover in this action.
9. Plaintiff’s evidence in order to establish adultery must show in addition to opportunity that each of the parties had a disposition to have illicit intercourse with the other.
The trial court made definite findings of fact, which are also detailed in the report, and made the following general finding:
“From the testimony offered in evidence, and above summarized, and the inference drawn therefrom, I find the allegations of the plaintiff, as set forth in her declaration, with reference to the essential facts therein alleged, are substantiated,” and found for the plaintiff.
In this Commonwealth the ground of liability in cases of this kind must be found in one of the three classes described by the Court in Houghton v. Rice, 174 Mass. 367.
1. Where the allegation and proof “when a husband sues is that the defendant debauched and carnally knew the plaintiff’s wife. The alienation in such a case is a mere matter of aggravation, and the loss of the wife’s consortium is the actionable consequence of the injury. Adultery was the essential fact to be proved, and if this was not proved the action failed.”
2. “At common law, also, a husband could maintain an action against one who persuaded, procured and enticed his wife to continue absent and apart from him, and to secrete, hide, and conceal herself from him, whereby during the time she continued absent he lost *164 her comfort and society, and her aid and assistance in his domestic affairs.”
(See Bradstreet v. Wallace, 254 Mass. 509.)
3. “He could also maintain an action against one for receiving his wife and unlawfully harboring, concealing, and secreting her from him, and refusing to deliver her to him. ’ ’
“In such cases adultery need not be alleged.”
In the case at bar the report does not contain any evidence which would entitle the plaintiff to recover damages upon the grounds set forth in the second and third classes described. There was no evidence that the defendant “persuaded, procured and enticed” the plaintiff’s husband “to continue absent and apart” from her. On the contrary the report says that he “continued to live in the same apartment with her and her children” until after the writ in this action was brought.
The case, therefore, falls within the first class described, where the proof of adultery is essential to the right to damages.
In Bigaouette v. Paulet, 134 Mass. 123, 125, the court said:
“The essential injury to the husband consists in the defilement of the marriage bed, — in the invasion of his exclusive right to marital intercourse with his wife, and to beget his own children. This presumes the loss of consortium with his wife, of comfort in her society in that respect in which his right is peculiar and exclusive. ’ ’
See also Evans v. O’Connor, 174 Mass. 287. Neville v. Gile, 174 Mass. 305. Webber v. Benbow, 211 Mass. 366. Gahagan v. Church, 239 Mass. 558. Sherry v. Moore, 258 Mass. 420.
Whatever may have been the right of a married woman at the common law to recover damages against another *165 woman in cases of this character there can be no doubt, the law at present in this Commonwealth gives the married man and married woman equal rights of recovery. Nolin v. Pearson, 191 Mass. 283. Bradstreet v. Wallace, 254 Mass. 509. In that case the court said, at page 511:
“Under modern conditions there are no distinctions in the relative rights of husband and wife to maintain an action for loss of consortium against third persons, whose wrongful acts render the one or the other of them, as the case may be, less capable of performing his or her marital duties.”
The case at bar presents only the question of whether there was sufficient evidence from which, with proper inferences, the trial court was justified in finding the act of adultery took place between the defendant and the plaintiff’s husband. That question is ordinarily a question of fact. In Negus v. Foote, 228 Mass. 375, 379, the court said:
“It was for the jury using the logic of common experience to consider, under appropriate instructions, cause and effect, and to determine whether all the circumstances were reasonably sufficient to establish the defendant’s guilt or whether they were equally compatible with his innocence.”
It has been said:
“The evidence by which the act of adultery is-proved is seldom direct. The natural secrecy of the act makes it ordinarily impossible to prove it, except by circumstantial evidence. The circumstances must be such indeed as to lead the guarded discretion of a reasonable and just man to the conclusion of guilt. The rules which govern human conduct, and which are known to common observation and experience, are to be applied in these cases, as in all other investigations of fact. ’ ’
Thayer v. Thayer, 101 Mass. 111, 113. See also Brooks v. Brooks, 145 Mass. 574, 575.
*166 “It is settled that evidence of indecent familiarities with the person with whom adultery is charged is admissible to explain the character of ambiguous conduct relied on as evidence of the act of adultery in issue.”
We are of opinion the evidence of the occurrence of August 16, 1935, described in the report and which the court must have believed, was sufficient to warrant his finding that the act of adultery occurred between the defendant and the plaintiff’s husband.
In Curtis v. Curtis, Mass. Adv. Sh. (1936) 281, the court said:
“The natural construction to be put upon their conduct was the existence of an adulterous disposition and ample opportunity for its satisfaction. This is too plain to require discussion. . . . There was evidence of such suspicious circumstances as would lead the reasonable and just mind to the conclusion of guilt.”
See also Murphy v. Murphy, 244 Mass. 110. Webber v. Benbow, 211 Mass. 366.
It follows that the trial court correctly refused to give the defendant’s seventh request.
The ninth request was also ‘properly refused. The trial court was justified in finding that adultery had been committed. It was not a prerequisite to that finding for him to find an adulterous disposition on the part of the partieipants therein.
No prejudicial error appears and the report must be dismissed.