WARREN E. WHITE & others *vs.* MARIAN THOMSON & others.

Bristol. February 11, 1949. — April 4, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Equity Jurisdiction*, Husband and wife, Parent and child, Personal rights, Other remedy. *Husband and Wife. Parent and Child. Alienation of Affections.*

Neither the wife nor the dependent children of a man can maintain a suit in equity for injunctive relief against a woman who has enticed him to leave them and their home and to deprive the wife of the companionship and consortium of her husband, and the children of his care and society.

Adequate statutory remedies exist for the relief of a wife and minor children respecting conduct of the husband and father in squandering his substance and failing to support them due to the enticement of another woman.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated May 16, 1947.

The averments of the bill are described in the opinion. The prayers were in substance that the defendant Marian Thomson be enjoined "from in any way interfering with the relationship of the plaintiffs, and any of them, and the defendant Earl R. White"; "from continuing her relationship with and attentions to the defendant Earl R. White"; "from managing, taking charge of, or expending funds, property or assets of the defendant Earl R. White or in any way affecting the same"; and "from receiving in any form or manner, directly or indirectly," "any moneys, property, or assets from the defendant Earl R. White"; that the defendant Earl R. White be "enjoined from disposing of or wasting, squandering or using any of his property, assets and estate, except for his own personal benefit and for the benefit of the plaintiffs," and "from expending or using any

of the same for the direct or indirect benefit of Mrs. Thomson, her agents or servants, her children or parents."

The grounds of the defendants' demurrers were, in substance, want of equity, and that the plaintiffs had an adequate remedy in the Probate Court.

The interlocutory decrees sustaining the demurrers were entered by order of *Williams,* J., and the final decree dismissing the bill by order of *Donahue,* J.

*E. M. Dangel,* (*L. E. Sherry & C. A. George* with him,) for the plaintiffs.

*R. L. Lurie,* for the defendants Thomson and White.

LUMMUS, J. This case comes here on the appeals of the plaintiffs from an interlocutory decree sustaining the demurrers to the bill of the defendants Marian Thomson and Earl R. White, and from a final decree dismissing the bill.

The bill was filed May 16, 1947. The plaintiffs are the minor son and daughter, and the wife, of the defendant Earl R. White, all of Attleboro. The defendants, other than two banks that are not charged with wrongdoing, are said Earl R. White and one Marian Thomson, a married woman living in Attleboro. The bill alleges substantially the following. Prior to July, 1944, the Whites lived together as a happy family. Prior to that time Earl R. White and Marian Thomson had met, and she "contrived, planned, schemed, and determined to break up the plaintiff's happy home and family life," to entice Earl R. White from them, and to deprive the plaintiffs of his affections and consortium. Early in August, 1944, she enticed and procured Earl R. White to leave the plaintiffs, to continue to absent himself from them, to fail to provide for them, to fail or refuse to fulfil his marriage vows and obligations and his paternal duties, and "virtually to live with her." She obtained a divorce from her own husband, and induced Earl R. White to bring a libel for divorce which is still pending. She illegally lived with Earl R. White "as husband and wife, unlawfully held themselves [out] to be such, represented to the public that [she] Mrs. Thomson was Mrs. Earl R. White . . . and . . . pretended to be and impersonated

Mrs. White." "The plaintiffs are the legal and actual dependents of Dr. White but he is depriving them of proper support and maintenance in order to support and maintain Mrs. Thomson's family. At present, Dr. White is spending, squandering and wasting his money so profusely and improvidently at the will of Mrs. Thomson that in all probability he will entirely deplete his estate." Mrs. Thomson is insolvent and has no assets.

The law does not attempt to control or limit human affections. It is only where, by alienating the affections of one spouse, the result is adultery or the ceasing of the spouses to live together, that the law recognizes that a tort has been committed. *Neville* v. *Gile*, 174 Mass. 305, *Houghton* v. *Rice*, 174 Mass. 366. *Webber* v. *Benbow*, 211 Mass. 366. *Longe* v. *Saunders*, 246 Mass. 159. *Sherry* v. *Moore*, 258 Mass. 420, 423. *McGrath* v. *Sullivan*, 303 Mass. 327, 329. The allegation in the bill that the defendant Thomson induced the defendant Earl R. White "virtually to live with her," is insufficient to show either adultery or deprivation of consortium. *Houghton* v. *Rice*, 174 Mass. 366. The further allegation that "Dr. White and Mrs. Thomson illegally lived as husband and wife," is not, we think, equivalent to the usual allegation that she debauched and carnally knew him, but states merely a conclusion of law from undisclosed facts. But we assume that the allegation that Mrs. Thomson enticed Dr. White to leave Mrs. White and their home and deprive Mrs. White of the companionship and consortium of Dr. White states a cause of action in tort.

Since *Kenyon* v. *Chicopee*, 320 Mass. 528, it is no objection to the maintenance of a bill for equitable relief that the right which the plaintiff seeks to protect is a personal right rather than a property right. But in that case this court said, "Doubtless there are personal rights of such delicate and intimate character that direct enforcement of them by any process of the court should never be attempted" (page 534). Restatement: Torts, § 943, declares: "The practicability of drafting and enforcing the order or judgment is one

of the factors to be considered in determining the appropriateness of injunction against tort." And in comment as to that section, on page 722, it is said, "For example injunction against alienation of affections would probably only serve to add fuel to the flame." In *Baumann v. Baumann,* 250 N. Y. 382, 387, 389, are statements that "Equity cannot by injunction restrain conduct which merely injures a person's feelings and causes mental anguish," and that "Attempts to govern the morals of people by injunctions can only result in making ridiculous the courts which grant such decrees." The great weight of authority is against equitable relief by injunction in cases of deprivation of the exclusive right to marital intercourse or deprivation of consortium. *Baumann v. Baumann,* 250 N. Y. 382. *Somberg v. Somberg,* 263 N. Y. 1. *Lowe v. Lowe,* 265 N. Y. 197. *Marquis v. Marquis,* 291 N. Y. 799. *Hodecker v. Stricker,* 39 N. Y. Sup. 515. *Snedaker v. King,* 111 Ohio St. 225. *Bank v. Bank,* 180 Md. 254. Compare *Henley v. Rockett,* 243 Ala. 172. We think that no such injunctive relief can be granted in this Commonwealth.

As to the rights of the minor children of the defendant White, there are recent cases recognizing the right of minor children to sue for damages one who has deprived them of the care and society of their parent. *Daily v. Parker,* 152 Fed. (2d) 174, 162 A. L. R. 819. *Johnson v. Luhman,* 330 Ill. App. 598. But other recent cases deny the existence of that right. *Taylor v. Keefe,* 134 Conn. 156. *Rudley v. Tobias,* 84 Cal. App. (2d) 454. At any rate, we think that in such a case there can be no equitable relief by injunction. *Bartholomew v. Workman,* 197 Okla. 267.

So far as the defendant Earl R. White is concerned, statutory remedies exist which seem to us adequate. If the allegations of the bill are true, he may be put under guardianship as a spendthrift (G. L. [Ter. Ed.] c. 201, §§ 8, 38), and may be compelled to support his wife and minor children. G. L. (Ter. Ed.) c. 209, §§ 32, 37.

We think that the interlocutory and final decrees must be

*Affirmed.*