EMMA SCHMIDT *vs.* MAURICE DURNAM *et al.*

Argued May 2, 1892. Decided May 24, 1892.

Evidence.

Evidence *held* to sustain the findings of fact.

Opponent as a Witness May be Contradicted.

One calling the opposite party to testify under Laws 1885, ch. 193, is not concluded by any statement of fact he may make in testifying, but may show it false either by other evidence or by inferences or arguments drawn from the testimony of the party himself.

Appeal by defendants, Maurice Durnam, Louisa M. Durnam, and Abisha B. Durnam, from a judgment of the District Court of Hennepin county, *Hooker, J.*, entered September 10, 1891.

The plaintiff, Emma Schmidt, brought an action against Maurice Durnam, for a breach of his promise to marry her; and on October 28, 1890, obtained a verdict against him for $2,750. *Schmidt* v. *Durnham*, 46 Minn. 227. Judgment was entered in that action in her favor, on December 30th, following. Meantime he conveyed his nonexempt real estate, part to his mother, Louisa Durnam, and the residue to his brother, Abisha Durnam. This action was to set aside the deeds and subject the property to the payment of the judgment, she claiming the deeds were made to hinder, delay, and defraud her, in the collection of her judgment; and that the grantees had notice of this intent, when they received them.

On the trial plaintiff called the defendants and examined each as a witness. The Court found for plaintiff, and judgment was entered, that the deeds were void as against the plaintiff, and that her judgment, was a lien on the property.

*E. A. Campbell*, for appellants.

*Kellogg & Stratton*, for respondent.

GILFILLAN, C. J. The evidence justified the finding that the deeds were executed for the purpose of hindering and delaying the plaintiff in respect to her verdict. The fact that after the rendition of the verdict, and while there was a stay of proceedings, so that no judg-

ment could be entered, the defendant Maurice made conveyances of his real estate, so that it was vested part in his mother, part in his brother, and part in his wife, is certainly suggestive, and the account the parties as witnesses give of the transaction, instead of removing, goes to confirm, the suspicion thus aroused, and to justify the inference that the conveyances were intended to cover up the property, and were not made upon real *bona fide* sales.

Whether a party who calls the opposite party to be examined as a witness under Laws 1885, ch. 193, accredits him, so that he cannot offer evidence to impeach his general character for truth and veracity, we need not in this case consider.   He certainly may question the truth of his statements of fact either by independent opposing evidence or by inference or arguments drawn from the testimony of the party himself.   Thus if, in a case like this, the party so called testify that the conveyance was made in good faith, the party calling him is not concluded by such testimony, but may insist that upon the entire account of the transaction given by the party testifying the inference may be drawn that the conveyance was not *bona fide.*.

Judgment affirmed.