FRANK LABRIE *vs.* GEORGE H. MIDWOOD.

Bristol. October 27, 1930. — January 5, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Alienation of Affections. Criminal Conversation. Husband and Wife. Evidence,* Competency, Of consciousness of guilt, Of conviction, To affect credibility of witness. *Witness,* Cross-examination, Impeachment. *Practice, Civil,* Exceptions: whether error harmful.

At the trial of an action, the declaration in which was in two counts, the first alleging criminal conversation by the defendant with the plaintiff's wife, and the second loss of consortium, where there was evidence that police officers raided the home of the defendant on a May 18 when the defendant and the plaintiff's wife were present therein and there found evidence of criminal conversation between them, it was proper to admit, as showing consciousness of guilt on the part of the defendant, further evidence that between May 17 and June 17 and before the action was commenced, the defendant withdrew from four savings banks more than $13,000.

Instructions to the jury, at the trial above described, upon the question of loss of consortium, in substance that, if the plaintiff told his wife he could not live with her and she should leave his house and as a result of such statement she left, no recovery could be had for loss of consortium under the second count, but that, if the acts and conduct of the defendant were the controlling cause of the separation between the plaintiff and his wife, the jury would be justified in finding for the plaintiff on the second count, were sufficiently favorable to the defendant: it was not necessary for the plaintiff to prove that the defendant's conduct was the sole cause of his wife's leaving him.

During the course of the trial above described, the defendant was called as a witness by the plaintiff for the purpose of cross-examination under G. L. c. 233, § 22. In his testimony then given, the defendant denied any criminal conversation or immoral acts with the plaintiff's wife. At the close of such testimony, the plaintiff, subject to exception by the defendant, was permitted to introduce a record of a conviction of the defendant of the crime of adultery with the plaintiff's wife committed on May 18, the judge admitting the evidence solely to affect the credibility of the defendant. *Held,* that

(1) The record was not admissible under G. L. c. 233, § 21: that section was not designed to affect the rule of the common law that a party calling a witness was not at liberty to discredit him by the method above described; .

(2) It was not admissible under § 22 of the statute: the introduction of the record was something more than cross-examination;

(3) It was not admissible, but was expressly excluded, by the provisions of § 23 of the statute: it did not tend to contradict the de-

fendant and it was not an inconsistent statement made at another time, but its tendency was to impeach the credit of the witness by evidence of bad character;

(4) The error injuriously affected the substantial rights of the defendant and required the sustaining of his exceptions.

TORT with a declaration described in the opinion. Writ dated June 22, 1927.

In the Superior Court, the action was tried before *D. T. O'Connell*, J. In his testimony, when called by the plaintiff as stated in the opinion, the defendant denied any criminal conversation or immoral acts with the plaintiff's wife. Other material evidence and exceptions by the defendant are stated in the opinion.

There was a verdict for the plaintiff on both counts in the sum of $3,500. The defendant alleged exceptions.

*I. H. Simon,* (*H. W. Radovsky* with him,) for the defendant.

*H. E. Clarkin,* (*J. T. Farrell* with him,) for the plaintiff.

CROSBY, J. This is an action of tort. The declaration contains two counts, the first alleging criminal conversation by the defendant with the plaintiff's wife, and the second loss of consortium. At the close of the evidence, the defendant filed certain requests for instructions which were refused subject to his exception. He also excepted to the instructions given so far as they were inconsistent with the requests. During the course of the trial he excepted to the admission and exclusion of certain evidence. The evidence was ample to warrant a finding that the defendant committed the crime of adultery with the wife of the plaintiff as alleged in the first count. There was also evidence under the second count that the defendant intentionally and unlawfully, for the purpose of alienating the affections of the plaintiff's wife from him, induced her to leave the plaintiff's house whereby he lost her society, companionship and assistance, and that her affection for the plaintiff was thereby alienated and destroyed.

The defendant's first request, that there was no evidence that the defendant alienated the affection of the plaintiff's wife, was rightly refused. That question was

properly submitted to the jury upon the evidence. The second, third and fourth requests, in substance that if the jury found that the plaintiff ordered his wife to leave his house and told her he would not, or could not, live with her, there could be no recovery on the second count, were rightly refused. The issues raised by these requests were fully and correctly dealt with in the instructions to the jury. The fifth request, that there was no evidence that the defendant had any immoral relations with the plaintiff's wife before May 14, 1927, could not properly have been given as there was evidence to justify a finding that such relations had existed before that date. The eleventh request, that, if the plaintiff and his wife separated by mutual agreement, there could be no recovery on the second count, was in substance covered by the charge.

Subject to the exception of the defendant, four bank officials, called by the plaintiff, testified that between May 17 and June 17, and before this action was commenced, and all within thirty days after a raid by police officers had been made at the defendant's house on May 18, 1927, the defendant withdrew from four savings banks the sum of $13,765.22. The evidence relating to the visit of the police officers warranted a finding that at that time the defendant and the plaintiff's wife committed the offence charged in the first count of the declaration. The withdrawal of these deposits by the defendant soon after he was found by the police officers in his house with the wife of the plaintiff under the circumstances disclosed was some evidence that the defendant was conscious of liability to the plaintiff and endeavored to escape from it. *Banfield* v. *Whipple,* 10 Allen, 27, 31. *Portland Gas Light Co.* v. *Ruud,* 242 Mass. 272, 275. *Carroll* v. *Carroll,* 262 Mass. 10, 12. *D'Arcangelo* v. *Tartar,* 265 Mass. 350, 352.

In his final instructions upon the question of loss of consortium, the judge said to the jury in substance that if the plaintiff told his wife that he could not live with her and she should leave his house, and that as a result of

such statement she left, no recovery could be had for loss of consortium under the second count, but that if the acts and conduct of the defendant were the controlling cause of the separation between the plaintiff and his wife, the jury would be justified in finding for the plaintiff on the second count. The instructions so given were sufficiently favorable to the defendant. It was not necessary for the plaintiff to prove that the defendant's conduct was the sole cause of his wife's leaving him. The instruction that it was sufficient to maintain the action if the defendant's conduct was the controlling cause and without it she would not have left was correct. *Hadley* v. *Heywood,* 121 Mass. 236. *Gahagan* v. *Church,* 239 Mass. 558, 560. *Bradstreet* v. *Wallace,* 254 Mass. 509. *Sherry* v. *Moore,* 258 Mass. 420, 423; *S. C.* 265 Mass. 189, 195. See *Negus* v. *Foote,* 228 Mass. 375.

None of the cases cited by the defendant is at variance with what is here decided. In *Houghton* v. *Rice,* 174 Mass. 366, and *Longe* v. *Saunders,* 246 Mass. 159, adultery was not committed by the wife. These cases are not pertinent to the present case. The plaintiff was not required to live with his wife if, as could have been found, she had committed adultery.

During the course of the trial the defendant was called as a witness by the plaintiff for the purpose of cross-examination, under G. L. c. 233, § 22, and at its conclusion the plaintiff, subject to the exception of the defendant, was permitted to introduce a record of the conviction in the Superior Court of the defendant of the crime of adultery with the plaintiff's wife committed on May 18, 1927. This evidence was admitted by the judge solely to affect the credibility of the defendant. G. L. c. 233, § 21, provides that " The conviction of a witness of a crime may be shown to affect his credibility " with exceptions not here material. Section 22 of the same chapter provides that " A party who calls the adverse party as a witness shall be allowed to cross-examine him "; by § 23 the " party who produces a witness shall not impeach his credit by evidence of bad character, but may contradict

him by other evidence, and may also prove that he has made at other times statements inconsistent with his present testimony . . . ."

The record of conviction was not admissible under § 21: that section in its context was not designed to affect the rule of the common law that a party calling a witness was not at liberty to discredit him in the way here attempted. The evidence was not admissible under § 22: the introduction of the record was something more than cross-examination. And it was not admissible under § 23: it was not admissible under its express terms because it did not tend to contradict the defendant and it was not an inconsistent statement made at another time. The record comes within the express prohibition of the earlier part of § 23. Its tendency was to impeach the credit of the witness by evidence of bad character. That is the whole purpose of introducing the record of the conviction of a witness of crime. One who has been convicted of crime is presumed to be less worthy of belief than one who has not been so convicted. In dealing with the exception to the admission of the record the only question remaining is whether this court " deems that the error . . . has not injuriously affected the substantial rights " of the party defendant. G. L. c. 231, § 132. We are unable to reach that conclusion as we cannot say that the criminal record introduced in evidence was not the cause of the jury's decision not to believe the testimony of the defendant. It follows that this exception must be sustained.

The other exceptions to the admission and exclusion of evidence need not be dealt with in detail. As to them no error of law is disclosed. As the record of the conviction of the defendant for the crime of adultery was improperly admitted for the reasons above stated, the entry will be

*Exceptions sustained.*