ALEXANDER, Appellant, vs. MEYERS and another, Respondents.

*March 6—April 8, 1952.*

*Vaughn S. Conway* and *Kenneth H. Conway,* both of Baraboo, for the appellant.

For the respondents there was a brief by *Hill, Dithmar & Greenhalgh* of Baraboo, and oral argument by *R. L. Greenhalgh.*

BROWN, J.

" 'It is well settled in this state that a new trial granted in the interest of justice is a highly discretionary order, and that, while it is not beyond the power of this court to review it, in order to reverse it must clearly appear that there was an abuse of judicial discretion.' " *Kies v. Hopper* (1945), 247 Wis. 208, 211, 19 N. W. (2d) 167, and cases there cited.

". . . No order granting a new trial in the interest of justice shall be valid or effective, unless the reasons that prompted the court to make such order are set forth in detail therein. . . ." Sec. 270.49 (2), Stats.

The order in question incorporates by reference the reasons which the court set forth in detail in its memorandum decision. We need consider only one of such reasons because in our view that is sufficient to establish the order as one within the discretion of the trial court. This concerns the effort of plaintiff's counsel to bring to the attention of

the jury defendant's previous conviction of crime. The record shows that early in plaintiff's case he called the defendant to the stand and asked usual identifying questions. Then defendant was asked whether he had not gone by certain other names, which he denied. Plaintiff then asked defendant whether he had not been convicted of crime and, before his own counsel objected, defendant admitted that he had been convicted of the illegal manufacture of liquor. Counsel then objected, the court excused the jury, and defendant moved for a mistrial. The court denied the motion and recalled the jury and instructed it to disregard the question and answer. Plaintiff then questioned defendant on the merits and at the close of his case plaintiff offered as an exhibit a certified copy of defendant's conviction. The court interrupted and again excused the jury. In its absence plaintiff made an offer of proof of the conviction, the exhibit also showing that the defendant had a variety of aliases. The court refused the proof. In his memorandum decision the learned trial judge says that on the first attempt to prove the conviction the court believed the error could be corrected by the instructions which he gave the jury, but when the effort was repeated at the close of plaintiff's case the court concluded that the prejudice could not be erased. The defendant never took the stand in his own behalf. If the evidence of the conviction was admissible plaintiff's efforts to introduce it would not be a sufficient ground for the court's order for a new trial in the interest of justice. Plaintiff submits that it was admissible and that the court committed error in excluding it.

There is no doubt that a party is not bound by the testimony which his opponent gives as an adverse witness and it may be contradicted by other evidence or impeached by showing that the witness' previous statements or actions are inconsistent with his present testimony, or by showing that the witness is unreliable or untruthful in respect to the matter

on which he has testified. The question now to be decided is whether one who calls the other party adversely may impeach his testimony, not by showing that it is false, but by attacking the character of the person who testifies in order to impair his credibility in general. Sec. 325.19, Stats., provides that conviction of a criminal offense may be proved to affect the credibility of a witness. Ordinarily the impeachment of a witness called by the party offering the impeachment is not within the permission of the statute. We are required to decide whether such impeachment becomes permissible when the witness is the adverse party.

Sec. 325.14, Stats., which is a revised statute, so far as material to this question provides:

"(1) Any party . . . for whose immediate benefit any civil action or proceeding is prosecuted or defended, . . . may be examined upon the trial as if under cross-examination, at the instance of any adverse party. . . .

"(2) The testimony so taken on the trial . . . shall not conclude the party taking the same, but he shall be allowed to rebut or impeach the same."

Sec. 370.001, Stats., recites:

"(7) *Construction of revised statutes.* A revised statute is to be understood in the same sense as the original unless the change in language indicates a different meaning so clearly as to preclude judicial construction. If the revision bill contains a note which says that the meaning of the statute to which the note relates is not changed by the revision, the note is indicative of the legislative intent."

The original statutes, revised by sec. 325.14, Stats., were secs. 4068 and 4098, old numbering. Their material parts follow:

Sec. 4068, Stats. 1898, reads:

". . . Any party to the record in any civil action . . . may be examined upon the trial . . . at the instance of the adverse party . . . ; and may rebut the evidence given thereon by counter or impeaching testimony."

Sec. 4098, Stats. 1898, reads:

"The examination or testimony of a party, taken on the trial or by deposition at the instance of the adverse party, may be rebutted by other testimony as if taken in his own behalf."

The revisor's note to sec. 325.14, Stats., states that the law is not changed by the revision. (Said section in Wis. Anno. (1950).) The part of sec. 4068 just quoted was borrowed from the laws of Minnesota, as shown by the revisor's note to that section, Stats. 1898. Secs. 4068, 4098 (old numbering) and sec. 325.14 (new numbering) have not been construed in Wisconsin in respect to the question now before us, nor do we find the parent statute has been so construed in Minnesota. In *Schmidt v. Durnam* (1892), 50 Minn. 96, 97, 52 N. W. 277, the question was raised but not answered, the court saying: "Whether a party who calls the opposite party to be examined as a witness under Laws 1885, ch. 193, accredits him, so that he cannot offer evidence to impeach his general character for truth and veracity, we need not in this case consider."

The only instance which we have found in which the question was directly adjudicated is *Benjamin v. Green* (1913), 144 N. Y. Supp. 311, where the plaintiff brought action for conversion of property and called the defendant adversely. After she had given some testimony the defendant was asked if she had not been convicted of crime and she answered that she had been convicted of larceny. Objection was then made and on appeal it was held that "The admission of this evidence for the purpose of impeaching plaintiff's own witness was prejudicial error." The opinion did not refer to the New York statute. *Labrie v. Midwood* (1931), 273 Mass. 578, 174 N. E. 214, also holds it was error for plaintiff to call defendant adversely and then introduce the record of defendant's conviction for adultery but the result was probably inevitable for the Massachusetts

statute provided that a party who produces a witness shall not impeach his credit by evidence of bad character but may contradict him.

Somewhat akin to the present problem is the case where a witness *must* be called though the party calling him may have no cause to believe that the witness' evidence will be favorable,—for instance calling the attesting witness to a will. Professor Wigmore, who disapproves of the general rule that a party may not impeach his own witness, discussing witnesses called of necessity, acknowledges: ". . . it has always been conceded that no rule prevents their impeachment by the proponent of the will. The precedents deal usually with impeachment by contradiction or self-contradiction, and it would not be safe to assume that the same courts would take the logical step of permitting impeachment of character." 3 Wigmore, Evidence (3d ed.), p. 439, sec. 917.

And 6 Jones, Commentaries on Evidence (2d ed.), p. 4803, sec. 2427, says: ". . . It may be doubted whether, even where the witness is called of necessity, impeachment by proof of bad reputation is permissible on behalf of the party calling him. . . ."

It would seem that if a party may not impeach the character of a witness whom he has been forced to call he certainly may not resort to impeachment by character in the case of one whom he called voluntarily. The principle is well illustrated by *Diffenderfer v. Scott* (1892), 5 Ind. App. 243, 248, 32 N. E. 87. In that action an infant sought to recover upon a promissory note, the infant appearing by her mother as next friend. The defendant called the mother who testified that the note was genuine. Defendant then offered proof of the mother's bad character which was excluded and an appeal taken. While the trial court was reversed on other grounds the appellate court approved this ruling, saying:

"The rules of practice will not permit a party to call a witness closely connected with the adversary's cause, and from whom he has no reason to expect favorable testimony, then to assail the character of the witness by impeachment. By this means the adversary's cause might often be unfairly prejudiced, . . ."

Our own court has prevented the introduction of otherwise incompetent prejudicial evidence in the disguise of impeaching testimony. *Depouw v. Chicago & N. W. R. Co.* (1913), 154 Wis. 610, 143 N. W. 654. There were two trials. On the first, defendant's employee was called adversely by the plaintiff under sec. 4068, Stats., and testified that the train stood on the crossing only two minutes, which was unfavorable to plaintiff on a crucial fact in the case. On the second trial, knowing that he would testify to the same effect, plaintiff called him again, obtained the same testimony, and then offered a witness to testify that the employee had previously stated out of court that the train stood there five to eight minutes. On appeal we held that the reception of such evidence was prejudicial error. The second witness could not have testified to the employee's statement if the employee had not taken the stand and we held that it would be a perversion of the statute, which permits impeachment by proof of contradictory statements, to allow a witness to be impeached for the sole purpose of getting the contradictory unsworn statement before the jury. It is equally apparent in the instant case that Meyers was called as an adverse witness not for any testimony which he might give on the merits of the litigation but for the purpose of getting his criminal record before the jury. The prejudicial nature of the attempt and the perversion of the statute is more serious here than it was in the *Depouw* matter. The purpose was clearly disclosed when Meyers was questioned concerning his conviction before he had given any testimony pertinent to the cause of action.

The trial judge's exclusion of the evidence might be affirmed under the precedent of the *Depouw Case, supra,* but the present case is an appropriate one in which to go to the fundamental issue and to state our opinion that the right of impeachment referred to in the old sec. 4068 and the present sec. 325.14, Stats., gives to the party who has called the adverse witness the right to show that his testimony is unreliable or is contrary to the fact, by proof directed against the matters testified to, including the witness' prior inconsistent conduct or statements concerning such matters but, until and unless the witness takes the stand in his own behalf, it does not authorize impeachment of his character and credibility generally by the party who has called him to testify adversely. As we view it, a contrary rule opens the door to the admission of the most prejudicial of irrelevant and incompetent evidence by the subterfuge of an alleged impeachment.

Whether or not, in the instant case, the prejudicial effect of bringing the defendant's criminal history to the attention of the jury was so serious as to require a new trial was within the sound discretion of the trial court. We cannot say that the discretion was abused. It is unnecessary to consider the other reasons upon which the learned trial court based its order.

*By the Court.*—Order affirmed.