Voss, Respondent, vs. METROPOLITAN CASUALTY INSURANCE COMPANY, Appellant.*

*February 1—March 2, 1954.*

---

* Motion for rehearing denied, with $25 costs, on May 4, 1954.

For the appellant there was a brief by *Bendinger, Hayes & Kluwin* of Milwaukee, and oral argument by *Gerald Hayes, Jr.*

For the respondent there was a brief and oral argument by *Thomas P. Maroney* of Milwaukee.

STEINLE, J.   Otis J. Voss, husband of the plaintiff, was not a party to the action nor was he an assignor, officer, agent, or employee of the defendant carrier.   The trial court permitted Voss to be examined as an adverse witness on the basis that he was a person for whose immediate benefit the action was being defended.

Sec. 325.14 (1), Stats., reads in part:

"Any party or any person for whose immediate benefit any civil action or proceeding is prosecuted or defended, or his or its assignor, officer, agent, or employee, or the person who was such officer, agent, or employee at the time of the occurrence of the facts made the subject of the examination, may be examined upon the trial as if under cross-examination, at the instance of any adverse party."

In *Employers Mut. Liability Ins. Co. v. Icke* (1937), 225 Wis. 304, 274 N. W. 283, this court was called upon to determine whether it was proper to permit the adverse examination of an injured employee not named as a party, although one entitled to a percentage of recovery in a third-party action, on the basis that such employee was a person for whose immediate benefit the action was being prosecuted. The court at page 309 of said case said:

"It is considered, therefore, that the employee is entitled to share in the recovery against a third party whether the suit be begun by the employee or by the employer or insurance carrier, regardless of joinder by the employee. Being entitled to a part of the recovery in any event, it is held that the injured employee is a person for whose 'immediate benefit' the action is prosecuted within the meaning of that language as used in sec. 326.12, Stats., and is therefore subject to adverse examination under the provisions of that section."

In said case the employee had a direct financial interest in the outcome of the action. Here, although the wife were to prevail in this action, the husband did not stand to sustain personal loss or damage as a direct result of favorable judgment that she obtained. Were he named as a party alone or with the carrier, and judgment was obtained by the wife against him, it is conceivable that he would sustain loss or damage in the event that the carrier did not respond on his behalf in satisfying such judgment. Under the circumstances of this case, even though a judgment obtained by the wife was to be in excess of the policy limits, the husband could not be held liable to the wife. Were the carrier to become insolvent the wife would have no redress against the husband here.

Who is an adverse party? In *O'Day v. Meyers* (1911), 147 Wis. 549, 557, 133 N. W. 605, when construing sec. 4068, Stats. 1898, this court held that:

"The term 'adverse party' used in this section means a party whose interests are adverse to those of the party seeking to call him, . . . The true test is, Are their interests adverse?"

In *Bakula v. Schwab* (1918), 167 Wis. 546, 555, 168 N. W. 378, this court said:

"What is meant by adverse parties scarcely needs definition. Its significance is apparent from the expression itself. They must be opposite parties to an issue between them. The issue must be proffered by one and controverted by the other. They must be arrayed on opposite sides of the issue."

In *Locke v. General A. F. & L. Assur. Corp.* (1938), 227 Wis. 489, 279 N. W. 55, where both the carrier and the insured were named as defendants but no cause of action was stated against the insured and no claim or damages or relief was demanded of him, this court determined that it was improper to call the insured as an adverse witness under the statute (sec. 325.14).

We are of the opinion that it was error to have permitted the examination of the husband as an adverse witness under the circumstances of this case. The interests of the husband and wife herein were not adverse. The husband did not stand to lose anything by the wife's successful prosecution of this case.

The next consideration is whether such error was prejudicial to the defendant.

It is our considered view that the wife had not established a cause of action prior to the time that the husband was called as an adverse witness. Her testimony up to that time was that she pushed a jacket toward him,—made no further observation of him,—and that the car swerved and turned and struck another car. In order that there be a cause of action under that testimony of the wife it would be necessary to invoke the doctrine of *res ipsa loquitur*. That doctrine does not apply in this state under such circumstances.

When called as an adverse witness and being cross-examined, the husband stated that after the wife pushed the jacket to him, he lost control of the car and the collision occurred. He said that immediately prior thereto he was putting his hand into the sleeve of the jacket.

After the husband had testified to such facts, counsel for the defendant was permitted to put some questions to him by way of cross-examination. In response thereto, he admitted that on the very day of the accident he had signed a written statement as follows:

"I was driving north . . . and getting my jacket as it was chilly. My wife was helping me, and my arm got stuck in the sleeve, and my car suddenly swerved toward the curb hitting a parked car."

The plaintiff was not bound by that cross-examination. She was not bound by all or any part of the husband's testimony. In *Alexander v. Meyers* (1952), 261 Wis. 384, 387, 52 N. W. (2d) 881, it was held:

". . . that a party is not bound by the testimony which his opponent gives as an adverse witness and it may be contradicted by other evidence or impeached by showing that the witness' previous statements or actions are inconsistent with his present testimony, or by showing that the witness is unreliable or untruthful in respect to the matter on which he has testified."

In this case, had the husband been called as plaintiff's own witness and had there been only direct examination, the wife would have been bound by his testimony. Obviously, here the jury did not believe that the wife helped the husband in putting on the jacket, but did consider and place credence in the husband's statement that he lost control when he was putting on the jacket after the wife pushed it over to him. This latter testimony of the husband was sufficient to establish *prima facie* cause of action against him.

Had the husband not been called as an adverse witness then it is conceivable that the defendant would have been entitled to a nonsuit. Had the husband been called as plaintiff's own witness and not as an adverse witness and had he given testimony as he did when called adversely, the defendant carrier would have been entitled to impeach him by cross-examination. This may have developed a sufficient basis for raising an issue as to the nonco-operation on the part of the husband with his insurer, leading to an avoidance of the coverage of the policy,—which issue the jury may have been called upon to determine. Had the husband, as a witness for the plaintiff, testified to the same fact situation at the trial as indicated by his written statement to the insurer on the day of the accident, then the plaintiff would have been bound thereby and it is likely that the Insurance Company would have been entitled to a nonsuit arising from the plaintiff's assumption of risk.

Judgments are not reversed for the erroneous admission of incompetent evidence, unless it affirmatively appears to the appellate court that appellant has been prejudiced thereby. *Guse v. Power & Mining Machinery Co.* (1912), 151 Wis. 400, 139 N. W. 195.

Respondent here contends that since the court permitted the defendant carrier to cross-examine the husband after he had testified as an adverse witness at the call of the wife, and that by such examination opportunity was afforded to the defendant to develop its defense based on information provided by the husband to the carrier,—and that in fact the defendant availed itself of such opportunity, hence, since all of the main facts in the controversy were developed before the court and jury, no prejudice resulted.

Had respondent at the trial been obliged to follow proper procedure and had she called her husband as her own witness, she then would have been bound by both his direct and cross-examination. As it was, she did not become bound by the

husband's answers elicited under the cross-examination following the adverse examination. Had plaintiff rested her case without calling the husband as a witness, the defendant would have been entitled to a dismissal. As to his adverse examination, the court and jury were privileged to consider the facts stated by the husband to the effect that the wife pushed the jacket over to him; that he lost control and struck a parked car which he did not see before the collision. Such testimony standing alone or coupled with the testimony of the wife was sufficient to establish a *prima facie* cause of action. The wife did not become bound by the testimony of the husband adduced in the cross-examination of him by the defendant that his wife was helping him at the time his arm got stuck in the sleeve and that he then lost control of the car.

We are of the opinion that the error complained of and found by this court was prejudicial and has affected the substantial rights of the defendant, and that the judgment of the trial court must be reversed. While, in view of this conclusion, it would not be necessary to determine the other points raised by this appeal, nevertheless, we have considered them and find that there was evidence in the record to the effect that the wife had worn bandages following her injury. It does not appear that counsel for the wife in his closing argument to the jury made undue comment regarding such fact.

Appellant also maintains that improper argument was made to the jury by the wife's attorney regarding her medical expense. The specific remarks concerning this subject do not appear of record. It is considered that the trial court cured the error, if any existed, when it instructed the jury that they were not to consider the wife's medical expense in their determination herein.

*By the Court.*—The judgment appealed from is reversed and the cause remanded for a new trial.