# Richmond

W<small>ARD</small> F<small>RANKLIN</small> S<small>MITH</small>, E<small>T</small> A<small>L</small>. v. L<small>UTHER</small> H. L<small>OHR</small>.

April 22, 1963.

Record No. 5554.

Present, All the Justices.

The opinion states the case.

*Thomas J. Wilson* (*W. W. Wharton; Wharton, Aldhizer & Weaver; Clark & Wilson*, on brief), for the plaintiffs in error.

*Donald D. Litten; James R. Sipe* (*George D. Conrad*, on brief), for the defendant in error.

W<small>HITTLE</small>, J., delivered the opinion of the court.

This case is before us upon a writ of error to a final judgment of the Circuit Court of Rockingham County, entered on the 5th day of April, 1962.

Lohr filed suit against Ward Franklin Smith and Fred K. Betts, III, for personal injuries resulting from a collision between an auto-

mobile owned and operated by Lohr and a truck owned by Betts and operated by his employee, Smith.

Counsel for plaintiff called defendant Smith as an adverse witness pursuant to § 8-291, Code of Virginia, 1950. Smith was examined by counsel for plaintiff and was not questioned by attorneys for the defendants. After all the evidence was in, Lohr's attorney recalled Smith and the following transpired:

"MR. LITTEN [Counsel for Plaintiff]: Your Honor, there is one question we overlooked asking the defendant this morning when we put him on, and we would like to recall him for one question.

"THE COURT: All right, take the chair again, Mr. Smith.

"WARD FRANKLIN SMITH, recalled by counsel for the plaintiff, was examined and testified as follows:

"DIRECT EXAMINATION

"BY MR. LITTEN:

"Q. Mr. Smith, have you ever been convicted of a felony?

"MR. WHARTON [Counsel for Defendants]: We object to that, if your Honor please.

"A. I don't know exactly—

"THE COURT: The objection is overruled.

"Q. What is your answer?

"A. I don't recall.

"Q. Were you not convicted on October 16, 1956, in this court of abduction, taking a minor child?

"A. I think so.

"MR. WHARTON: We object further on the ground that they are impeaching their own witness and we ask for a mistrial.

"MR. LITTEN: He is not our witness, we called him as an adverse witness.

"MR. WHARTON: We never put him on the stand at all and in fact never asked him a question when the plaintiff put him on. We ask for a mistrial, if your Honor please.

"MR. LITTEN: We called this man pursuant to Section 8-291 of the Code, which gives the right to call a witness as an adverse witness if it appears that he has an adverse interest, and that is what we have done in this case.

"THE COURT: The motion is denied.

"MR. WHARTON: We except to the court's ruling."

A motion for a mistrial was again made and was overruled, to which attorneys for the defendants excepted. The case was submitted to the jury and resulted in a verdict of $13,000 in favor of the

plaintiff. The defendants moved the court to set aside the verdict and grant a new trial on the grounds that the trial court erred in permitting plaintiff, over the objection of the defendants, to impeach the credit of Smith by general evidence of bad character, showing he had been convicted of a felony; and in failing to grant defendants' motion for a mistrial.

The sole question before us is—Did the impeachment of co-defendant Smith, called as an adverse witness by plaintiff, by general evidence of bad character, *i.e.*, conviction of a felony, constitute prejudicial error?

The facts disclose that plaintiff Lohr was operating an automobile in an easterly direction on Route 259, while defendant Smith, in the scope of his employment, was operating a truck owned by defendant Betts, in a westerly direction. A collision occurred between the two vehicles in which plaintiff Lohr suffered the injuries complained of. There was a sharp conflict in the evidence, defendant Smith and plaintiff Lohr each testifying that the collision occurred in his respective lane of travel.

The evidence of plaintiff Lohr conformed to the allegations in his motion for judgment, to-wit, that he was traveling in his proper lane and was struck by the Betts truck driven by Smith on his (Lohr's) side of the road.

The responsive pleadings filed by Smith and Betts denied the allegation of negligence in the motion for judgment and asserted that the truck driven by Smith was in his proper lane of travel when struck by Lohr's car. Smith's testimony conformed to the responsive pleadings.

The evidence was such that if the jury accepted Lohr's version they would find for him, and if they accepted Smith's version they would find for the defendants.

The Virginia statutes (Code, §§ 8-291 and 8-292) pertaining to adverse parties and adverse witnesses are set out in the margin.[1]

---

[1] § 8-291. HOW ADVERSE PARTY MAY BE EXAMINED.—A party called to testify for another, having an adverse interest, may be examined by such other party according to the rules applicable to cross examination.

§ 8-292. WITNESS PROVING ADVERSE; CONTRADICTION; PRIOR INCONSISTENT STATEMENT.—A party producing a witness shall not be allowed to impeach his credit by general evidence of bad character, but he may, in case the witness shall in the opinion of the court prove adverse, by leave of the court, prove that he had made at other times a statement inconsistent with his present testimony; but before such last-mentioned proof can be given the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness, and he must be asked whether or not he has made such statement. In every

Section 8-291 was originally enacted as Chapter 25 of the Acts of Assembly of 1865-66. By Chapter 117 of the Acts of 1899-1900 this section (then § 3351 of the Code of 1887) was amended by adding what is now § 8-292. Sections 8-291 and 8-292 of the Code of 1950 appear in the Code of 1904 as § 3351.[2]

A reading of the Code (§ 3351 of the Code of 1904, now §§ 8-291 and 8-292 of the Code of 1950) nowhere indicates that it was the intention of the legislature to permit a litigant to call an adverse witness for the purpose of helping his case and later impeach his credibility by evidence of bad character as was done in this instance. Such a rule would permit one to call a witness known to be unworthy of belief for the purpose of proving his case. *Labrie* v. *Midwood,* 273 Mass. 578, 174 N. E. 214; *Alexander* v. *Meyers,* 261 Wis. 384, 52 N. W. 2d 881; *Lomastro* v. *Hamilton,* 76 R. I. 114, 68 A. 2d 39. We approve the holdings in these cases.

In *Labrie* v. *Midwood, supra,* wherein Massachusetts statutes similar to ours are construed, it appears that during the course of the trial the defendant was called as a witness by the plaintiff for the purpose of cross-examination under Massachusetts Statute G.L. c. 233, § 22, and at the conclusion of defendant's testimony the plaintiff was permitted to introduce a record of the conviction in the Superior Court of the defendant of the crime of adultery with plaintiff's wife, committed on May 18, 1927. In a reversal of the case on the ground that the evidence was improperly admitted, the court said:

"This evidence was admitted by the judge solely to affect the credibility of the defendant. G.L. c. 233, § 21, provides that 'the conviction of a witness of a crime may be shown to affect his

---

such case the court, if requested by either party, shall instruct the jury not to consider the evidence of such inconsistent statements, except for the purpose of contradicting the witness.

[2] Sec. 3351. HOW PARTY HAVING ADVERSE INTEREST EXAMINED; HOW CREDIT IMPEACHED; HOW CONTRADICTED; HOW WRITING INTRODUCED IN CONNECTION WITH.—A party called to testify for another, having an adverse interest, may be examined by such other party, according to the rules applicable to cross-examination.

(1) A party producing a witness shall not be allowed to impeach his credit by general evidence of bad character, but he may, in case the witness shall in the opinion of the court prove adverse, contradict him by other evidence, or, by leave of the court, prove that he has made at other times a statement inconsistent with his present testimony, but before said last-mentioned proof can be given the circumstances of the supposed statement, sufficient to designate the particular occasion, must be mentioned to the witness, and he must be asked whether or not he has made such statement. In every such case the court, if requested by either party, shall instruct the jury not to consider the evidence of such inconsistent statements, except for the purpose of contradicting the witness. * * *

credibility' with exceptions not here material. Section 22 of the same chapter provides that 'a party who calls the adverse party as a witness shall be allowed to cross-examine him'; by section 23 the 'party who produces a witness shall not impeach his credit by evidence of bad character, but may contradict him by other evidence, and may also prove that he has made at other times statements inconsistent with his present testimony. * * *'

"The record of conviction was not admissible under section 21; that section was not designed to affect the rule of the common law that a party calling a witness was not at liberty to discredit him. The evidence was not admissible under section 22; the introduction of the record was something more than cross-examination. And it was not admissible under section 23; it was not admissible under its express terms because it did not tend to contradict the defendant and it was not an inconsistent statement made at another time. The record comes within the express prohibition of the earlier part of section 23. Its tendency was to impeach the credit of the witness by evidence of bad character. That is the whole purpose of introducing the record of the conviction of a witness of crime. One who has been convicted of crime is presumed to be less worthy of belief than one who has not been so convicted. * * *" 174 N. E., at page 216.

The holdings in the *Alexander* case, *supra,* and the *Lomastro* case, *supra,* are to the same effect. See also *Benjamin* v. *Green,* 144 N. Y. S. 311.

In The Law of Evidence, Virginia and West Virginia (Nash), § 35, page 66, it is said:

"A party may not impeach his own witness by attacking his reputation for veracity. And this applies where the party calls an adverse witness."

And in *Levine's Loan Office* v. *Starke,* 140 Va. 712, 716, 125 S. E. 683, we said:

"The calling of a party as an adverse witness does not of itself discredit his testimony, but on account of bias or interest permits the party calling him to subject the adverse witness to cross-examination, besides a party calling an adverse witness does not vouch his credibility, but he cannot discredit him by evidence of general bad reputation for veracity."

In *Ferguson* v. *Daughtrey* (1897), 94 Va. 308, 314, 26 S. E. 822, we held:

"The plaintiffs were entitled under the statute (Code, Sec. 3351) to examine the grantor and grantee, they being parties having an ad-

verse interest, according to the rules applicable to cross-examination; and, while this privilege did not confer the further right to impeach them as witnesses, the plaintiffs were nevertheless entitled to the benefit of all facts elicited upon their examination which tended to prove the illegality of the transaction under investigation, notwithstanding their denial of the fraud. * * *"

The appellee relies upon *Lovinger* v. *Anglo California National Bank* (Cal.) 243 P. 2d 561, which apparently is the only case permitting the impeachment of a witness under circumstances such as we have in the instant case. This case was criticized in 26 So. Calif. Law Review 106, which article points up the prejudice to a party which is likely to result from permitting such impeachment by showing the conviction of a felony.

While we do not agree with the ultimate holding in the *Lovinger* case, *supra*, it will be noted that the court states in its opinion, 243 P. 2d, at page 575:

"It should be pointed out that ordinarily this type of question should not be left until rebuttal. Unless there is some good reason for not using it on the first calling of the witness, it should not be permitted on rebuttal and particularly as the only or main subject of rebuttal. * * *

"In holding that conviction of a felony may be shown by the party calling the adverse party under § 2055, we desire to point out that the adverse party must never be called solely for that purpose. Unless the evidence testified to by the adverse party is of importance in the case, his conviction should not be shown. The trial court, before allowing it to be shown, should first determine whether the main purpose of the party calling the witness is to show the conviction."

Applying the above statements to the case before us, one might inquire as to why Smith was called and requested to testify in the first instance, especially in view of the responsive pleadings which clearly informed the plaintiff that Smith contended that he was traveling in his proper lane of travel when the collision occurred.

To further point up this inquiry: Why should Smith have been allowed to be recalled as the last witness in the case for the sole purpose of asking him the one question whether or not he had been convicted of a felony, on the theory that the attorney for the plaintiff had "overlooked" asking him this question when he was first on the stand?

We hold that the procedure in this case was highly prejudicial to the interest of the defendants. See 98 C.J.S., Witnesses, § 477(d), page 359; 58 Am. Jur., Witnesses, §§ 796, 797, pages 441, 442, 443.

For the reasons stated the judgment is reversed and the case is remanded for a new trial consistent with the views here expressed.

*Reversed and remanded.*