*Northern District*
A.D. No. 5968
**DOROTHY WASELCHUK**
v.
**ROBERT T. MURRAY**
Filed December 18, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.
  Case tried to *Artesani, J.* in the Fourth District
Court of Eastern Middlesex. No. 506 of 1963 RC556.
*Eno, J.* The report in this case contains only
the following:
  "This is an action of tort in which the
  plaintiff seeks to recover for personal in-
  juries arising out of an alleged assault and
  battery.
  The defendant's answer is general denial

and self defense. This action was originally commenced in the Superior Court of Middlesex County and remanded under statutory provisions to the Fourth District Court of Eastern Middlesex.

At the trial plaintiff's counsel called, as his first witness, the defendant. The defendant was asked his name, address and occupation. Plaintiff's counsel then asked the defendant if he was the same Robert Murray who, on May 18, 1962, was found guilty of assault upon the plaintiff and paid a fine for assault and battery on the plaintiff on March 6, 1962.

Defendant's counsel took exception to the question, was overruled and claimed a report. The defendant was permitted to answer the question, which he answered in the affirmative. Plaintiff's counsel then offered a certified copy of the conviction to which the defendant's counsel took exception, was overruled and claimed a report. The certified copy of the conviction was admitted. The defendant was then excused by plaintiff's counsel as the plaintiff's witness and the plaintiff, herself, testified as to the circumstances. The defendant testified in his own behalf as a part of the defendant's case. This report contains all the evidence material to the question reported."

While the report is silent as to the ultimate finding of the trial justice, the docket entries

show that there was a finding for the plaintiff in the sum of $2000.

The only question raised in this case is whether or not there was prejudicial error in the admission into evidence of the criminal record of the defendant.

We are of the opinion that there was.

[■] There is no question that a party may be called as a witness by the adverse party and cross-examined. G. L. c. 233, §22; *Labrie v. Midwood,* 273 Mass. 578, 581, 582; *Morneman v. Brown,* 286 Mass. 65, 70.

■ It is equally true that a record of a criminal conviction of a party who testifies on his own behalf may also be introduced in cross-examination to impeach his credibility. *Labrie v. Midwood,* 273 Mass. 578.

■ But a defendant in a civil case called by the plaintiff may not be impeached by such a conviction. G. L. c. 233, §23; *Labrie v. Midwood,* 273 Mass. 578.

If the defendant had taken the stand to testify in his own behalf, then the record of his prior conviction would have been perfectly admissible to impeach his credibility.

Such a criminal record of a party may only be used to impeach his credibility. In the case at bar the defendant was called by the plaintiff and the only evidence was as to his previous record, and as was said in *Labrie v. Midwood,* supra:

"(i)t was not admissible under its express terms because it did not tend to contradict the defendant and it was not an inconsistent statement made at

another time. The record comes within the express prohibition of the earlier part of §23.

Its tendency was to impeach the credit of the witness by evidence of bad character. That is the whole purpose of introducing the record of the conviction of a witness of crime. One who has been convicted of crime is presumed to be less worthy of belief than one who has not been so convicted."

The finding for the plaintiff is *reversed, and the case is remanded for a new trial.*

Cohen, Gaffin & Greb, of Framingham, for the Plaintiff.

John T. Donahue and Frank J. Mazzio, nf Boston, for the Defendant.