## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Shird

v.

Gillis

June 24, 1970

Case No. (Law) 6316

By JUDGE WALTER A. PAGE

The court has considered the oral argument of counsel with reference to counsel for the defendant's motion to set aside the verdict of the jury as being contrary to the law and the evidence and excessive and to grant him a new trial.

Counsel for the defendant contends that the court erred in refusing to allow the plaintiff, who was not called to testify in her own behalf, to be called as an adverse witness solely for the purpose of contradiction and in refusing to grant instruction D-1.

The court is of the opinion that it was not error to hold that the plaintiff could not be called as an adverse witness solely for the purpose of impeaching her credibility. See *Smith* v. *Lohr*, 204 Va. 331 (1963). The court is of the further opinion that it did err in refusing to grant the defendant's instruction as the failure of a litigant to testify raises a presumption that if he had testified his testimony would not have supported his theory of the case. See *Piccolo* v. *Woodford*, 184 Va. 432, 439 (1945). The court is, therefore, of the opinion that the motion of counsel for the defendant should be sustained and a new trial ordered.

Counsel for the plaintiff argues that if the court grants a new trial, the court should grant an instruction which would allow the jury to take into consideration

any pain, suffering or mental anguish on the part of the plaintiff. The court is of the opinion that upon a retrial counsel for the plaintiff would be entitled to such an instruction on the elements of damage which could be considered by the jury. See *Bruce* v. *Madden*, 208 Va. 636 (1968); *Norfolk & C. Ry. Co.* v. *Marpole*, 97 Va. 594 (1899).