Corie Ann Slade,
an infant who sues
by next friend,
Donna Cass Slade

    v.

Gregory Lee Fox

Sarah Lynn Slade,
an infant who sues
by next friend,
Donna Cass Slade

    v.

Gregory Lee Fox

March 11, 1999

BY JUDGE JAMES W. UPDIKE, JR.

The captioned matters are presently scheduled to be tried by a jury on Monday, March 15, 1999. The defendant has admitted liability, and the cases will be tried on the issue of damages.

These cases came before the court this morning on defendant's motion in limine requesting the exclusion of evidence pertaining to injuries sustained by Donna Slade, the mother of the plaintiffs, Corie Ann Slade and Sarah Lynn Slade, and the emotional impact of her injuries upon the plaintiffs.

Because I wish to inform counsel of my rulings on the motion in limine in advance of the trial date, believing such information will assist in trial preparation, I will state my rulings, and the basis for these rulings, rather

40

briefly, and unfortunately, in a fashion I would avoid if not for the time constraints.

Before ruling on the motion in limine, I reviewed *Personal Injury Law in Virginia*, 2d Ed., Chap. 18, *Infliction of Mental Distress*, by Charles E. Friend. I also read the following cases: *Myseros v. Sissler*, 239 Va. 8, 387 S.E.2d 463 (1990); *Naccash v. Burger*, 223 Va. 406, 290 S.E.2d 825 (1982); *Womack v. Eldridge*, 215 Va. 338, 210 S.E.2d 145 (1974); and *Hughes v. Moore*, 214 Va. 27, 197 S.E.2d 214 (1973).

It is my understanding that there is no dispute that the plaintiffs were injured in the motor vehicle collision in question. Consequently, in contrast with certain principles discussed in the above-cited cases, there is evidence of both physical injury and physical impact. Briefly stated, I rule that each plaintiff may introduce evidence of any emotional distress resulting from her physical injuries and any physical injury which was "the natural result of the fright and shock proximately caused by defendant's tortious conduct." *Hughes v. Moore*, 214 Va. at 35.

I also derive guidance from the case of *Wallen v. Allen*, 231 Va. 289, 343 S.E.2d 73 (1986). In that case, a nine-year-old plaintiff was injured on Route 460, approximately five miles west of Appomattox, when a trailer collided with a school bus in which the plaintiff was a passenger. The defendant in *Wallen* admitted liability and filed a motion in limine requesting exclusion of evidence pertaining to the circumstances surrounding the accident. The trial court denied defendant's motion in limine, and when affirming the ruling of the trial court, the Supreme Court stated:

> We think the court correctly admitted the plaintiff's evidence of the details surrounding the collision and the force of the impact. Although the plaintiff's physical injuries and pain were conceded, they do not constitute the whole sum of the compensatory damages to which she was entitled. The court, properly and without objection, instructed the jury that the plaintiff was also to be compensated for any mental anguish suffered in the past or reasonably to be expected in the future as a result of the defendant's negligence. The surrounding circumstances tending to show the jury the severity of the impact were relevant to an assessment of the trauma to which the plaintiff has been subjected.
>
> The jury may properly infer mental anguish as well as physical pain from the circumstances of the injury, including the violence with which it was inflicted. *Bruce v. Madden*, 208 Va. 636, 639-40, 160 S.E.2d 137, 139-40 (1968). A defendant has no right to exclude

evidence relevant to a complete assessment of a plaintiff's compensatory damages by conceding liability for them even when he admits that they were serious or "severe." The jury has a responsibility of translating unliquidated damages into a precise monetary equivalent. The jury's task of fixing a just compensation for pain, suffering, and mental anguish is difficult and sensitive. It is entitled to all relevant information offered on the subject which meets the requirements of the rules of evidence.

231 Va. at 293-94.

I will therefore allow plaintiffs to introduce evidence pertaining to the circumstances of the motor vehicle collision and the severity of the impact upon all occupants of plaintiffs' vehicle. I reserve the right, upon proper objection, to limit such evidence should its probative value be exceeded by its prejudicial effect. However, details of the injuries sustained by Donna Cass Slade, and her subsequent treatment, will not be allowed.

I ruled this morning that plaintiffs may explain the absence of Donna Cass Slade during their treatment and convalescence as being the result of injuries she sustained in the accident.